UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| INTEL CORPORATION,<br>           Plaintiff, | Case No.: 3:21-cv-00203-MO |
| v. | Judge Michael Mosman |
| VARUN GUPTA,<br>           Defendant. | |

## STIPULATED TEMPORARY RESTRAINING ORDER

COME NOW, Plaintiff Intel Corporation ("Intel") and Defendant Varun Gupta ("Gupta") (collectively, the "Parties") who, by the signatures of their counsel below have agreed to the entry of a Stipulated Temporary Restraining Order, which shall remain in effect during the pendency of this action.

Whereas Intel filed a Motion for Temporary Restraining Order, Expedited Discovery, Order to Show Cause, Evidence Preservation Order, and Preliminary Injunction [Dkt. #3] (the "Motion for Preliminary Relief");

Whereas this Court scheduled a hearing on the request for a temporary restraining order on the Motion for Preliminary Relief, to take place on February 18, 2021 at 1:30 p.m.;

Whereas the Parties have discussed and agreed upon the terms of a Stipulated Temporary Restraining Order to be in place for the pendency of this litigation;

Whereas the Parties agree to waive any requirement for a bond for this Stipulated Temporary Restraining Order; and

Whereas, Gupta hereby agrees to the entry of a Stipulated Temporary Restraining Order under such terms as set forth herein to be effective through final resolution of this matter.

Pursuant to the Parties' stipulation, this Court hereby ORDERS that a Stipulated Temporary Restraining Order is entered against Gupta as follows:

1. For the purposes of this Stipulated Temporary Restraining Order, the following definitions shall apply:

    a. The "Employment Agreement" refers to the agreement Gupta signed on July 19, 2010 upon commencing employment with Intel.

    b. The "Devices and Media" refer to the Seagate FreeAgent GoFlex USB drive bearing Serial Number NA0CTSEQ (the "Seagate Drive"), the Western Digital My Passport USB drive with a serial number that has been identified to Gupta, and any other storage drives, electronic devices, or storage media on which Gupta stored or saved Intel confidential information or documents containing Intel confidential information at any time.

2. Gupta is hereby:

    a. barred from using or disclosing Intel's confidential and trade secret information, as required by his Employment Agreement with Intel;

    b. required to immediately return to Intel all information, documents, and tangible things (including the Devices and Media) in Gupta's possession, custody, or control, whether in physical or digital format, including any and all copies thereof, that contain Intel's confidential information;

    c. required to allow Intel to inspect Gupta's non-Microsoft email account(s) using targeted search terms, which will be negotiated with Gupta's and Intel's counsel to ensure preservation of attorney-client privileged communications, in order to determine whether Gupta saved, sent, or otherwise maintained or distributed the Intel confidential information or trade secrets;

    d. required to describe with precision and to the best of Gupta's ability, the current location of the Western Digital Drive, or, if the Western Digital Drive is not currently in Gupta's possession, required to describe in detail how and when Gupta disposed of the Western Digital Drive;

      e.    required to immediately identify (i) all computers or other devices to which any of the Devices and Media have been connected or inserted to his knowledge, and (ii) all persons, entities, e-mail addresses, or other physical or electronic locations, to which any of the documents or information on any of the Devices and Media were sent, distributed, shared, or otherwise disclosed;

      f.    required, after returning all Intel confidential and trade secret documents (including the Devices and Media), to provide a certification to Intel that he has returned and is not in possession—in electronic, hard copy, or any other form—of any confidential, proprietary, or trade secret Intel documents or documents containing any confidential, proprietary, or trade secret Intel information. The certification shall confirm that he has reviewed all non-Microsoft email accounts, cloud-based storage accounts, phones, tablets, computers, removable storage devices, back-up drives, hard copy files, and any other location where he could have retained or stored confidential Intel documents or communications. The certification shall be signed under penalty of perjury; and

      g.    required to comply with the post-employment terms of his Employment Agreement.

3.    Gupta shall comply with all aspects of this Order within 10 days of issuance and, to the extent obligations associated with this Order extend beyond 10 days, during the pendency of this Stipulated Temporary Restraining Order.

4.    If Gupta is found to have violated the terms of this Stipulated Temporary Restraining Order, the Court may issue whatever relief it deems appropriate, including an award to Intel of damages.

5.    This Stipulated Temporary Restraining Order resolves Intel's request in its Motion for Preliminary Relief for entry of a temporary restraining order, but does not resolve the requests in such Motion for expedited discovery, an order to show cause why the Court should not issue a preliminary injunction, an evidence preservation order, and a preliminary injunction. Adjudication of those remaining requests for relief in the Motion for Preliminary Relief shall be

stayed until such time as Intel notifies this Court of a continued need to adjudicate those requests.

6. The Parties irrevocably and fully waive and relinquish any argument that venue in or jurisdiction by the Court is improper or inconvenient.

7. The Stipulated Temporary Restraining Order shall remain in force and effect during the pendency of this litigation.

8. All Parties reserve and do not waive any and all rights they may have to assert any claims or defenses in this proceeding. This Stipulated Temporary Restraining Order shall be without prejudice to any motion, claim, defense, or request for relief (including, without limitation, the Motion for Preliminary Relief and any other motion); and shall not be used to create any adverse inference for or against Intel or Gupta with respect to any motion, claim, defense, or request for relief, or be used in any way in connection with any argument in this action concerning delay by either Party.

9. The February 16, 2021 deadline for Gupta to respond to the Motion for Preliminary Relief is hereby vacated.

10. The February 18, 2021 hearing on the Motion for Preliminary Relief is hereby cancelled.

**IT IS SO ORDERED.**

DATED this 16th day of February, 2021.

MICHAEL W. MOSMAN
United States District Judge

APPROVED AS TO FORM AND CONTENT:

| | |
|---|---|
| /s/ Michael Porter | /s/ Courtney Angeli |
| Michael Porter, OSB No. 003560 | Courtney Angeli, OSB No. 941765 |
| mike.porter@millernash.com | courtney@baaslaw.com |
| Iván Resendiz Gutierrez, OSB No. 154617 | **BUCHANAN ANGELI ALTSCHUL &** |
| ivan.resendiz@millernash.com | **SULLIVAN LLP** |
| **MILLER NASH GRAHAM & DUNN LLP** | 921 SW Washington St. |
| 3400 U.S. Bancorp Tower | Suite 516 |
| 111 S.W. Fifth Avenue | Portland, Oregon 97205 |
| Portland, Oregon 97204 | Telephone: 503.974.5021 |
| Telephone: 503.205.2330 | |
| | |
| Katherine M. Turner, D.C. State Bar No. 495528 | Sanya Sukduang, D.C. State Bar No. 469837 |
| (*pro hac vice*) | (*pro hac vice* forthcoming) |
| kturner@wc.com | ssukduang@cooley.com |
| Troy C. Homesley, N.Y. State Bar No. 5566914 | Sarah B. Moore, C.A. State Bar. No. 292974 |
| (*pro hac vice*) | (*pro hac vice* forthcoming) |
| (Admitted only in N.Y. Practice supervised by | smoore@cooley.com |
| D.C. Bar members pursuant to D.C. Court of | **COOLEY LLP** |
| Appeals Rule 49(c)(8)) | 1299 Pennsylvania Avenue N.W. |
| thomesley@wc.com | Suite 700 |
| **WILLIAMS & CONNOLLY LLP** | Washington, D.C. 20004 |
| 725 Twelfth Street N.W. | Telephone: 202.776.2982 |
| Washington, D.C. 20005 | |
| Telephone: 202.434.5487 | *Attorneys for Defendant Varun Gupta* |
| | |
| *Attorneys for Plaintiff Intel Corporation* | |